James M. Chesser and W. A. Cone, Sheriff, Appellants, vs. M. DePrater, Appellee.

The bill alleges that M. was the owner of the improvements on land of the United States held and occupied as a homestead under the laws of the United States, and C., with the assent of M., sold the improvements and the possession of the land to D. for a valuable consideration partly paid, and C. gave to D. a writing reciting that he had sold his interest to D., and containing the following : "This is to show that I do stand good to M. D. for the above premises as a homestead for himself under the acts of Congress granting of homesteads to actual settlers." D. went into possession and made valuable improvements, and was proceeding to take necessary legal steps to secure a homestead title when C. clandestinely procured from the United States Land Office a certificate of entry of the land in the name of M. and then a deed from M. to himself and instituted proceedings against D. to oust him : *Held,* That the bill shows the conduct of C. was a violation of his agreement and a fraud upon the rights of D., and C. was estopped from asserting the right of possession against him ; that C. is deemed a holder of the legal title in trust for D., and upon payment by D. of the balance due to C. upon the sale of improvements and possession, with interest from the time it became due, he will be entitled to a conveyance of the legal title if the allegations of the bill are sustained.

Appeal from the Circuit Court for Volusia county. The facts of the case are stated in the opinion.

*John W. Price* for Appellants.

*Scott & Thrasher* for Appellee.

The Chief-Justice delivered the opinion of the court.

DePrater, complainant, filed his bill alleging that on the third day of February, 1881, he entered into a contract of purchase with defendant, James M. Chesser, for a certain

parcel of land known as the Marlow homestead, in Volusia county, of which contract the following is a copy:

"Know all men by these presents, that I have this day sold my rights and claims of the premises of the Marlow place, known as the Marlow homestead, lying and being in Volusia county, Florida, and described as follows: In section 30, township 14, range 28, east, bounded east by John D. Baker, and south by State, west by James M. Chesser and H. E. Osteen homestead, north by S. R. Causey's homestead. This is to show that I do stand good to M. DePrater for the above premises, as a homestead for himself, under the acts of Congress granting of homesteads to actual settlers. Note:—It is required of the homestead settler that he shall reside upon and cultivate the lands embraced in his homestead entry for a period of five years from the time of filing the affidavit, being also the date of entry. An abandonment of the land for more than six months works a forfeiture of the claim. Further, within two years from the expiration of said five years he must file proof of his actual settlement and cultivation, failing to do which his entry will be cancelled. If the settler does not wish to remain five years on his tract he can at any time after six months pay for it with cash or land warrants, upon making proof of settlement and cultivation from date of filing affidavit to the time of payment, &c. Signed in presence of these witnesses, this February 3d, 1881.

"JAMES M. CHESSER.

"MARY MANNING,
"SUSAN DePRATER."

The bill alleges that sometime previous to the making of the contract the land had been entered and occupied by one Marlow, under the homestead laws of Congress, but before the final proof of occupancy Marlow died, and his widow sold out her interest to Chesser, appellant, and aban-

doned it.   After complainant's purchase he was proceeding to take the necessary steps to obtain title from the U. S., and with the knowledge and consent of Chesser and Mrs. Marlow he entered a contest of the Marlow homestead, with a view to cancel it, and to enter it as a homestead for himself.   The consideration of the sale by Chesser to him was $75, of which he paid down $5.50, and immediately entered into possession, with the knowledge and consent of Chesser, and began the construction of a dwelling-house and other valuable improvements on the land, and is still in possession.   That subsequent to the date of the contract of purchase defendant Chesser, contriving and seeking to injure and defraud him, and to prevent his obtaining a title, and to defeat his right of possession under the contract, in a clandestine manner procured, through Mrs. Marlow, from the U. S. Land Office a receipt showing that she was entitled to a patent for the land, under act of Congress, by purchase ; and Chesser then procured a deed from Mrs. Marlow for the land, and now holds the deed.   Chesser then commenced proceedings before the County Judge to evict complainant, and judgment was rendered against him by the Judge, and a writ was issued, directing the sheriff to put Chesser in possession.

Complainant avers that by the terms of the contract Chesser agreed to " stand good " to him for the premises " as a homestead for himself under the acts of Congress," thereby engaging to aid and not to prevent him from consummating his homestead entry of the land, and insists that the subsequent acquisition of title by Mrs. Marlow's entry thereof at the land office, and by her conveyance to Chesser, enured to complainant's benefit, and that Chesser holds the said title as a trustee for complainant.   An injunction is prayed restraining the execution of the writ of possession, and a decree is sought declaring complainant's inter-

est in the premises, and requiring Chesser to convey the same to him or payment of the balance of the purchase money due by the agreement, which complainant is ready and willing to pay as may be decreed, and that he may have such other and further relief, &c. ·

Chesser demurred to the complaint for want of equity, and that the complainant's remedy is at law.

The court overruled the demurrer and granted an injunction, from which decree defendants appeal.

The appellant's counsel, in his brief, undoubtedly puts a proper construction upon the contract, to-wit: That Chesser, at the date of the written agreement, owned the improvements on the land, the title of which land was in the U. S., the improvements having been made by Marlow under a homestead entry, the right to which homestead entry was in the widow of Marlow, upon his death, under the act of Congress of Jan. 21, 1866, (U. S. Rev. Stat., §2291,) and which improvements were sold to complainant by Chesser, who put complainant in possession with the assent of Mrs. Marlow, and that Chesser, by the contract, " agreed to aid the complainant in any way he could to obtain the same as a homestead."

Appellant insists that this, as a bill for specific performance, cannot be maintained because defendant Chesser did not agree to make a title to complainant. But this is not a bill for specific performance, and the authorities cited on that subject have no application to the circumstances of this case. Mrs. Marlow's homestead rights and the improvements were property of value which may be sold. Taylor vs. Baker, 1 Fla., 245. On her abandonment of the land it reverted to the United States, (Rev. St., Sec. 2297,) and any person by contesting the homestead right, on abandonment by the widow Marlow, may have the homestead

entry cancelled, and himself enter the land. Act of Congress May 14, 1880, Chap. 89, Secs. 2, 3.

From the terms of the written agreement it was clearly the intention of the parties that complainant would proceed to make good his right of homestead entry with a view to obtaining a title from the United States under the acts of Congress. The defendant Chesser, by his argument, not only undertakes to assist complainant in all legitimate ways, but agrees to throw no obstruction in the way of accomplishing what was contemplated. Instead of " standing good to " complainant in the matter, he, through Mrs. Marlow, in some manner procured a certificate of entry from the land office entitling Mrs. Marlow to a patent, and procured a conveyance from her to himself, and seeks to dispossess complainant after he had paid part of the purchase money for the possession and improvements, and made valuable improvements on the land with a view to entering it as a homestead.

By assuming to sell an interest to complainant, Chesser assumes to have an interest, and is estopped from denying it. " We then have a clear case of an admission by defendant, intended to influence the conduct of the man with whom he is dealing, and actually leading him into a line of conduct which must be prejudicial to his interests, unless the defendant be cut off from the power of retraction. This I understand to be the very definition of an estoppel *in pais*. For the prevention of fraud the law holds the admission to be conclusive." Dezell vs. Odell, 3 Hill, N. Y., 215, 219, 251; Welland Canal Co. vs. Hathaway, 8 Wend., 481, 483 ; Cowen & Hill's Notes, vol. 1, 454 to 464; notes by Edwards.

The procuring of the certificate of entry from the land office, thus making Mrs. Marlow the owner of the land, and then obtaining a conveyance to defendant Chesser, was

an act of bad faith, and an attempt to defraud complainant after he had been put into possession by defendant, under the circumstances stated, and had made valuable improvements on the land; and it is the province of a court of equity to interpose and prevent the consummation of the fraud. The defendant is estopped by his own agreement and conduct from assuming by a subsequent purchase of the legal title any attitude contrary to that contemplated by the agreement.

An estoppel is where a man is concluded by his own act or acceptance; Co. Litt., 352, A.; and it may be by writing or *in pais*. Com. Dig., tit. *Estoppel*. There is no principle in law better settled than that if a man sell and convey land to which he has no right or title, but afterwards buys or acquires a title, he cannot claim it against his grantee. Root vs. Crock, 7 Barr., 378. All the authorities agree in this, and the principle is applicable to the circumstances stated in this bill. After having entered into an agreement to stand by this complainant in securing a homestead entry under the laws of Congress, he has no right to so change the circumstances as to defeat the complainant in his legitimate efforts to effect a homestead entry, or otherwise to impair the right thus acquired by complainant against his express agreement.

This defendant assumed to be the owner of the improvements and to have the right of possession, and sold them to complainant for a valuable consideration, and delivered possession. He has now placed it beyond the power of the complainant to obtain a homestead title from the United States by obtaining a title to himself. Equity should save the party attempted to be wronged.

Defendant Chesser is a purchaser with full notice of the complainant's rights, and upon the principles announced in Brush v. Ware, 15 Peters, 93, he may be deemed to hold

the legal title in trust for complainant; and upon compliance by the latter with the terms of the contract by paying the amount remaining due for the purchase of the possession and improvements, with interest from the time it became due, he should have a decree for a conveyance of the legal title, if upon the hearing the allegations of the bill shall be established.

The decree of the Chancellor allowing an injunction and overruling the demurrer is sustained, with costs against the appellant.