JOHN H. PORTER, APPELLANT, VS. THURLOW BISHOP, APPELLEE.

M. homesteaded a tract of land but failed to make the proof required by law, and her entry was cancelled, and after the cancelling of the entry M. sold the improvements she had made on the land to the complainant, who moved on it. Both complainant and defendant made application to homestead the land, a contest before the Land Department grew out of the conflicting claims of the parties which resulted in the government's patent being issued to the defendant; whereupon, defendant brought eject-

ment against the complainant; the complainant filed bill against defendant to restrain him from further proceeding therein, and to compel defendant to convey to complainant a deed to the land, upon the ground that the defendant procured title through fraud upon the rights of the complainant, the fraud being that the defendant had not complied with the homestead laws in making his application to enter the land, nor in the proofs he made as to his settlement and improvements thereon ; and that the defendant knew at the time that complainant had bought and paid $200 for said improvements :

*Held,* 1st : That the complainant acquired no prior right to homestead the land by reason of his purchase of M.'s improvements thereon, M. having forfeited all claim upon the improvements prior to the complainant's purchase ;

*Held,* 2d : That in entries under the homestead laws, where only questions of fact, or mixed questions of law and fact are involved, the decision of the Secretary of the Interior thereon is final ;

*Held,* 3d : That where, by misconstruing the law, the officers of the Land Department have withheld from a party his just rights, or where misrepresentation and fraud have been practiced necessarily affecting their judgment, the courts may, in a proper proceeding, interfere and refuse to give effect to their action ;

*Held,* 4th : That the allegations of the bill are not sufficient to entitle the complainant to the relief prayed for.

Appeal from the Circuit Court for Orange County.

The facts of the case are stated in the opinion of the court.

*W. R. Anno* and *Leonard D. Browne* for Appellant.

*Andrew Johnson* for Appellee.

MITCHELL, J. This suit grew out of a homestead contest between the parties over a tract of land situated in Orange county, described as the east half of the northeast quarter of section thirty-two, and the west half of the northeast quarter of section thirty-three.

Mrs. Sarah C. Mizell made her homestead entry upon

this land in the year 1872, but she failed to make the required proof under the homestead laws, and her claim was cancelled. Mrs. Mizell had made improvements on the land which she sold to the complainant. The defendant filed his application for homestead upon the land, and the complainant also made application for the land; a contest grew out of the conflicting applications before the U. S. Land Department, which contest was settled in favor of the defendant, and a patent was issued to him for the land in dispute.

After receiving his patent the defendant instituted ejectment proceedings against the complainant, in the Circuit Court of Orange county, for the land in dispute.

At this stage of the proceedings Bishop filed his bill against Porter, which, among other things, charges: That shortly subsequent to the cancellation of Mrs. Mizell's entry upon the land, and before any other claimant had entered upon it, the complainant purchased of Mrs. Mizell, for a valuable consideration, to-wit: the sum of $200, all the improvements she had made on the land, consisting of the house, out-buildings, fencing, &c., and that the complainant purchased the same with a view of making to the proper officers an application to enter the land as a homestead. That the defendant on the 7th or 8th day of April, 1881, went on the land with one Allmon, traced the boundary, replaced two or three rails which had fallen from the fence enclosing the land, remaining on the land for two days and nights—camping on it—but making no improvements, nor making, nor exercising any further act of authority or ownership over the premises. That on the 11th day of April, 1881, and subsequent to such purchase by the complainant, the defendant made his homestead affidavit to enter the land before the Clerk of the Circuit Court

of Orange county, under the provisions of section 2294 Revised Statutes of the United States.

That on the 12th day of April, 1881, the complainant with his family moved upon the land, taking possession of the improvements purchased by him of Mrs. Mizell, with the intention to enter said land as a homestead. That on April 14th, 1881, complainant made his affidavit and application before the Clerk of the Circuit Court of Orange county, to enter the land under sections 2289 and 2294 Revised Statutes, and that said clerk forwarded his, complainant's, affidavit and application, together with all fees and commissions required by law to accompany such application, to the District Land Office at Gainesville, Florida, and that the officers of said office returned said application, &c., to the Clerk of Orange county, stating that the land applied for had already been entered by Porter, defendant, and that, thereupon, the complainant commenced proceedings against the defendant for the cancellation of his entry, on account of fraud in its inception. That afterwards the contest was heard before the Register and Receiver of said Land Office, both parties introducing evidence, and that after hearing the evidence the Gainesville officers decided that Porter's entry was a valid entry, and dismissed the complainant's contest, whereupon the complainant appealed to the Commissioner of the General Land Office; that the Commissioner reversed the Gainesville officers, whereupon the defendant appealed to the Secretary of the Interior. That on November 14th, 1883, the Secretary rendered his decision reversing the Commissioner, and sustaining the Gainesville officers, basing his decision upon the fact that the record did not disclose the fact that any affidavit or application had been made by the complainant as provided by sections 2289 and 2294 Revised Statutes. That on Novem-

ber 14th, 1883, the complainant filed his petition before the Secretary for a rehearing; setting up the fact that the complainant had made application to enter said land as a homestead, on the 14th day of April, 1881, which said allegations were substantiated by affidavits of the complainant and James P. Hughey, Clerk of the Circuit Court of Orange county, together with the U. S. P. O. order for the amount of fees and commissions necessary in such cases, as well as the further evidence that said Register and Receiver had returned the said affidavit, &c., stating that the said land was already entered; and that on July 25th, 1884, the Secretary of the Interior refused to reconsider his decision of November 14th, 1883, in favor of the contestee, Porter, and that on the — day of — , 1884, patent was issued to Porter.

That the complainant resides upon the land and has resided upon the same, cultivating and improving it since the date of his first entry thereon, and that the defendant, since receiving his patent, has commenced suit of ejectment for the recovery of the land.

That the application of the defendant to enter the land was made for the purpose of defeating complainant's prior equitable rights which he had acquired thereto by said purchase from Mrs. Mizell, he, the defendant, well knowing that the complainant had purchased and paid a valuable consideration for said improvements, and that it was the complainant's intention to move upon said land, and to apply to enter the same as a homestead so soon after said purchase as he could possibly do so.

That in pursuance of his fraudulent purpose and intent, Porter entered under section 2294, Revised Statutes of the United States, and made affidavit before the Clerk of the Circuit Court of Orange county, on April 11th, 1881, " that he was residing upon said land, and that he had made *bona*

*fide* improvements thereon and made actual settlement thereon," which said affidavit was false in toto, and the said Porter swore to said affidavit knowing the statement therein, " that he was residing upon said land," and " that he had made *bona fide* improvements and actual settlement upon the same," was false in toto, and that said false statements were sworn to to defraud the complainant; for that by means of the said false statements so sworn to by Porter, the government patent to said land was awarded to him, Porter, the truth being that Porter, prior to making said affidavit, was not residing on said land; had never struck one lick of work thereon, &c.

That Porter's application for said homestead entry was fraudulent in law, in that Porter had not made *bona fide* settlement and improvements at the date of said application and making said affidavit was false, and that Porter was not in law permitted, nor was he competent to make said affidavit before said clerk.

That on the appeal from the Register and Receiver to the Commissioner of the General Land Office at Washington, although it was a material part of the complainant's case, and necessary to the adjudication of the complainant's rights, and a necessary and proper part of the record in said appeal, yet the evidence of complainant's affidavit and application for a homestead entry ror said land as aforesaid, was suppressed, an l not sent up as a part of said record, and was not before the Commissioner of the General Land Office, or the Secretary of the Interior, to the prejudice of the complainant's case before said department.

That the Secretary erred in not granting the complainant a rehearing.

That the evidence offered by the complainant upon petition for rehearing established the complainant's right to the land.

That the defendant procured one Allmon to make a false affidavit as to the defendant's entry, &c.

That the defendant is now seeking to sell the land, &c.

The bill is demurred to—

1st. That the allegations of the bill show that the matters and things therein set up stand *res adjudicata*.

2d. That there are no equities set up in the bill as pertaining to or belonging to the complainant in and to the lands therein described.

3d. The allegations in the bill show no legal nor equitable title in and to the lands in the bill described, as against the vested rights, both legal and equitable, admitted by the bill to exist in the defendant.

The demurrer was overruled.

A preliminary injunction was granted, which the defendant subsequently moved to dissolve, but this motion also was overruled.

The defendant then answered. The answer admits Mrs. Mizell's entry, and the cancellation of her entry, but denies the sale of the improvements on the land by Mrs. Mizell to the complainant before any other claimant had entered on the land, and also denies that he had any knowledge or notice as to said alleged purchase of the improvements upon the land by the complainant.

The answer also admits the application of both defendant and complainant to enter the land, as alleged in the bill.

Every allegation as to fraud on the part of the defendant is specifically denied.

" The defendant says that the whole allegation in said bill in regard to the suppression of a portion of the evidence by the Register and Receiver in sending up the records to the Secretary of the Interior, and that the same was not

48

before the Commissioner of the General Land Office, or the Secretary of the Interior, to the prejudice of complainant's case before said department, is false and untrue in every particular, as the certified records of the proceedings had therein will prove and testify."

By consent a master was appointed to take the testimony, &c.

It was agreed between the counsel for the complainant and the defendant, " that whereas, the evidence in support of the issues herein involved has heretofore been taken before the Land Department, and inasmuch as the respective parties, complainant and defendant, rely upon the same witnesses, and the same testimony so taken before said Land Department, it is, therefore, stipulated and agreed by and between said solicitors, as aforesaid, to introduce as the evidence in the case, the certified copies of said evidence heretofore taken, and none other, as the evidence in this cause, and in support of the issues herein involved, subject to all legal objections." And it was further agreed " that the master herein appointed shall report the same to the Chancellor as the evidence herein." And it was further agreed " to waive all statutory time as to said report, and to take the same up before the Chancellor at the earliest convenience **."

The master reported his findings upon the evidence thus agreed upon, and his conclusions upon the law of the case.

The master in his conclusions of law finds that the equities of the cause are with the complainant.

That through the purchase by complainant of the improvements on said land from the former owner, the same are to be considered to be the improvements of complainant at the date of his settlement, therefore they cannot be

held to have been either actually or constructively made by Porter.

That Porter, defendant, was not in posession in relation to said land to have made application to enter the same under section 2294 United States Revised Statutes on the 11th day of April, A. D. 1881.

That in consequence of his said inability, as set forth in last finding, I find that said Porter has failed to enter said land as required by law up to this date.

That the pretended entry of said Porter, defendant, was a fraud upon the rights of complainant, Bishop.

If defendant, Porter, had made his homestead affidavit before the Register and Receiver, he would have stood equally with complainant in respect to the time allowed for establishing a residence upon the land and commencing his improvements, and the question then would have been, which of the two made the first actual and legal settlement; in which case the date of the purchase by complainant would have been material.***

That the Secretary erred in refusing to grant complainant a rehearing.

That the complainant is entitled to the relief sued for.

After the coming in of the report of the master, to-wit: the 4th day of June, 1887, the Chancellor rendered the following decree: "This cause came on to be heard upon the bill of complaint herein; the answer of the defendant thereto; the replication of the complainant to such answer, and the report of the special master in Chancery to whom the same was referred to take proofs of the matters alleged in the bill, and to report findings on the law and the evidence to this court, which report was filed by said master with the clerk of this court on the 17th of December, A. D. 1886, no exceptions to said report having been filed by either of the parties to this cause within

thirty days after the filing of said report, or up to this day, the said report is hereby approved and confirmed ; and the court having heard the arguments of the counsel of the respective parties, and being fully advised in the premises, doth order, adjudge and decree, that the defendant, John H. Porter, within ten days after the date of the filing of this decree, shall convey to said complainant, Thurlow Bishop, by deed duly executed, the following described land, to-wit: the east half of the northeast quarter of section thirty-two, and the west half of the northwest quarter of sectin thirty-three, in township twenty-two, south of range thirty east, Orange county, State of Florida, being the lands described in said bill of complaint; and in the event said defendant, John H. Porter, shall fail within said time to execute said deed, then the said deed shall be executed in the name of John H. Porter by Andrew J. Rose, who is hereby appointed a commissioner for that purpose.

It is further ordered, adjudged and decreed, that the equitable title to said lands is now in the complainant, Thurlow Bishop.

It is further ordered, adjudged and decreed, that the defendant, John H. Porter, his agents, servants and attorneys be and they are hereby perpetually enjoined from interfering with the possession of said lands, either as against said Thurlow Bishop, or his heirs or assigns, or in any manner attempting to encumber the same.

And it is further ordered, adjudged and decreed, that the said John H. Porter, his agents, servants and attorneys be and they are hereby perpetually enjoined from further in any manner prosecuting the common law suit in ejectment now pending in said court for the recovery of said lands.

And it is further ordered, adjudged and decreed, that the defendant, John H. Porter, pay the costs of this proceed-

ing, to be taxed by the clerk of this court, and that after ten days from this date the complainant have execution therefor against said defendant, John H. Porter.

From this decree defendant appealed.

It is a well established rule of law that in contests before the Land Department, the decision of the Secretary of the Interior is final, except in cases of fraud, mistake or an erroneous construction of law. The decisions of the Secretary upon the facts of a case, and upon mixed questions of law and fact, is always final, and the decisions of the courts have generally sustained the Secretary, in the absence of positive fraud, or a mistake wherein the unsuccessful party has been denied some right which materially affected his interests, or where misconstruction of the law has worked a hardship and injury upon an interested party.

The facts of the case in Quinby vs. Conlan, 104 U. S., 420, were very similar to those in the case before us, and Chief Justice Waite, in speaking for the court in that case, says: " The laws of the United States prescribe with particularity the manner in which portions of the public domain may be acquired by settlers. They require personal settlement upon the lands desired and their inhabitation and improvement, and a declaration of the settler's acts and purposes to be made in the proper office of the district, within a limited time after the public surveys have been extended over the lands. By them a land department has been created to supervise all the various steps required for the acquisition of the title of the government. Its officers are required to receive, consider and pass upon the proofs furnished as to the alleged settlements upon the lands, and their improvement, when pre-emption rights are claimed, and, in case of conflicting claims to the same tract, to hear the contesting parties. The proofs offered in compliance with the law are to be presented, in the first instance, to the

officers of the district where the land is situated, and from their decision an appeal lies to the Commissioner of the General Land Office, and from him to the Secretary of the Interior. For mere errors of judgment as to the weight of evidence on these subjects, by any of the subordinate officers, the only remedy is by an appeal to his superior of the department. The courts cannot exercise any direct appellate jurisdiction over the rulings of these officers or of their superior in the department in such matters, nor can they reverse or correct them in a collateral proceeding between the parties.

" In this case the allegation that false and fraudulent representations, as to the settlement of the plaintiff, were made to the officers of the Land Department is negatived by the finding of the court. It would lead to endless litigation, and be fruitful of evil, if a supervisory power were vested in the courts over the action of the numerous officers of the Land Department, on mere questions of fact presented for their determination. It is only when those officers have misconstrued the law applicable to the case, as established before the department, and thus have denied to parties rights which, upon a correct construction, would have been conceded to them, or where misrepresentations and fraud have been practiced, necessarily affecting their judgment, that the courts can, in a proper proceeding interfere and refuse to give effect to their action. On this subject we have repeatedly and with emphasis expressed our opinion, and the matter should be deemed settled." Citing Johnson vs. Townsley, 13 Wall., 72; Shepley vs. Cowan, 91 U. S., 330-340; Moore vs. Robbins, 96 *Id.*, 530. See also Marquez vs. Frisbie, 101 U. S., 473; United States vs. Trockmorton, 98 U. S., 61; United States vs. Minor, 114 U. S., 233; Lee vs. Johnson, 116 U. S., 48; United States vs. Iron Silver Mining Co., 128 U. S., 673; United States

vs. Marshall Silver Mining Co., 128 U. S., 579.

Taking these decisions as a guide we will, we think, have but little difficulty in arriving at a correct conclusion in this case.

The facts of the case as to the entry of the land being out of the way, the only questions to be considered are, was there such fraud or mistake in the proceedings as to require a reversal of the decision of the Secretary of the Interior upon said contest; and was there any error in the Secretary's construction of any law involved in the case, whereby the complainant was denied any right he had in the premises?

There is no mistake alleged, unless it be that the Secretary made a mistake in deciding in favor of the defendant, or in denying the complainant a rehearing. Any question as to the settlement and improvements on the land by the defendant, was a question of fact, or a mixed question of law and fact, and the Secretary's decision thereon was final. A rehearing was discretionary with the Secretary, and if that discretion was not abused, we have no right to interfere with it, and there is nothing in the case that would induce the belief that he did abuse such discretion. The Secretary was asked to decide the case upon the same facts that he had already decided it upon, and he properly denied the rehearing. If it were true that the complainant did not have the evidence of his application, &c., to enter the land before the Secretary of the Interior at the hearing of the case, it was his own fault and he has no right to complain. The evidence which the complainant proposed to present was known to him at the time of the contest before the Secretary, and if it existed and he desired to introduce it, there is nothing to show that he could not have done so. This evidence, if it had any existence, was as well known to the complainant at the hearing of the case

as it would have been on a rehearing, and therefore the application for a rehearing could not have been on the ground of newly discovered evidence. The complainant does not pretend that the existence of this evidence was not known to him prior to the hearing by the Secretary, nor that the evidence was excluded by the Secretary.

The allegations of the bill as to the fraud committed in entering the land are indefinite, but whether definite or not, the whole question—everything connected with the defendant's entry, from the inception to its conclusion— has been before and been passed upon by the Secretary of the Interior. The complainant (contestant in said case) contested the claim of the defendant through all its stages, and was given the fullest opportunity, not only to show that the defendant's claim was fraudulent, but that his own was legal. Numerous witnesses were examined, and as to the actual facts of the defendant's entry, the evidence of these witnesses is conflicting, some of the witnesses stating that the defendant had, before making his application for a homestead, gone on the land and made settlement and improvements, whereas other witnesses stated that he had done nothing of the kind, and in deciding this conflict the Secretary was authorized to exercise his own judgment, and we have no right to question his judgment in that respect.

The bill alleges that the defendant made his entry under section 2294, United States Revised Statutes, and the defendant admits it in his answer. This section of the statute requires that the defendant or some member of his family should be residing on the land at the time of the entry, and that *bona fide* improvements and settlement had been made thereon, and that the defendant was prevented, by reason of distance, bodily infirmity, or other good cause, from personal attendance at the district land office,

before he could make the affidavit required by law before a Clerk of the Circuit Court.

The record of the case shows that the defendant made his application under section 2289 of the Revised Statutes of the United States, and this section does not require personal attendance at the district land office, and, therefore, there is no force in complainant's contention that the defendant could not, under the law, make his application before the clerk without showing that he was not able to personally attend at the district land office.

The bill, by implication, charges the Gainesville officers with fraud in suppressing and not sending to the Commissioner of the General Land Office, a part of the evidence taken by them in said contest, but this attempt at charging fraud is so vague that it is not worthy of consideration. The allegation of the bill attempting to charge the Gainesville officers with suppressing a part of the evidence, is expressly denied by the defendant, who avers that all the evidence was before the department at Washington. This denial required proof of the allegations of the bill, but this proof the complainant made no effort to produce, and, from all the circumstances of the case, it is reasonable to presume that the defendant is correct when he says that the evidence alleged to have been suppressed was before the department.

No purely legal question was involved in the case, and hence it is not necessary to consider any question of law passed upon by the Secretary.

The only remaining question is, was the complainant entitled to the relief prayed for? Section 2263 Revised Statutes of the United States, provides that: "Prior to any entries being made under and by virtue of the provisions of section 2259, proof of the settlement and improvement thereby required shall be made to the satisfaction of the

Register and Receiver of the land district in which the land lies, agreeably to such rules as may be prescribed by the Secretary of the Interior; and all assignments and transfers of the right hereby secured, prior to the the issusuing of the patent shall be null and void."

This court, in Taylor vs. Baker, 1 Fla., 282, in construing the above section, says, "That clause of the pre-emption laws of the United States which declares 'all assignments and transfers of the rights hereby secured prior the issuing of the patent, shall be null and void,' does not make void a contract for the sale and transfer of the rights which a settler expected thereafter to acquire, but refers only to a sale and transfer of the rights already secured." This decision does not support the contention of the complainant that he acquired a prior right to the land by reason of his purchase of the improvements thereon from Mrs. Mizell. Mrs. Mizell had at the time forfeited every right she ever had to the land, and did not convey, nor could she convey, any right she "expected" thereafter to acquire, because she could not, under the circumstances, expect thereafter to acquire any right to the land or the improvements thereon. Her connection with the homestead entry had ceased, and she had nothing in expectancy to convey.

In the case of Chesser and Cone vs. DePrater, 20 Fla., 691, the court decided that Chesser held title to the land in dispute as trustee for the complainant, DePrater, but the circumstances in that case were entirely different from the circumstances of the case before us. In this case the bill does not set up and charge facts sufficient to entitle the complainant to the relief prayed for, even if all the bill charges were true. The land had, by the cancellation of Mrs. Mizell's entry, again become a part of the public domain, and both complainant and defendant applied to homestead it—

there was no privity between them, there were no such circumstances existing between the parties as to create the relation of trustee and *cestui que trust ;* the defendant had the same right to enter the land that the complainant had, it was a question as to which should acquire a prior right, the proper tribunal decided that the defendant acquired such prior right, and that he was entitled to the land ; but then the complainant contends that the defendant knew of complainant's purchase of the improvements on the land from Mrs. Mizelll, and that in entering the land with that knowledge, the defendant became trustee for the complainant, but we think it requires no argument to show the fallacy of such a position. We can see no ground for the relief prayed for, and, consequently, the judgment of the court below is reversed, and the cause is remanded with instructions that the bill in said cause be dismissed, and that the injunction therein be dissolved.