Pettibone, J.,
delivered the opinion of the Court.
This was a suit in Chancery, brought into the Court on an appeal from the decree of the Circuit Court of the county of Madison. The bill set forth, that the complainants wore the heirs and legal representatives of Charles L. Bird, deceased; that the said Charles died in the year 1817; that sometime in the year 1812 or ’13, Ward, one of the defendants, made some improvements on a tract of land, described in the bill, and sold the said improvements to Cravens, the other defendant; that shortly after, in 1813, Cravens sold the said improvements to the said Charles L. Bird, and received his pay for the same; that Bird entered immediately into possession, and continued in possession until the time of his death, in 1817; that Ward knew of the sale from Cravens to Bird, and never made any objections to it; that Bird, prior to his death, made considerable improvements upon the land ; erected buildings thereon, and always claimed the right of possession, and the right of pre-emption to the same, under the act of Congress granting pre-emptions, &c.; that soon after the death of the said Charles, there being no relations of his in this part of the country, *282 ihe said Ward and Cravens fraudulently conspiring, &c., began to dispute Bird’s right in the said land, pretending that Ward had a right of pre-emption in the said land, on account of the improvement which he had made, and that he had never sold it. , The complainants further state, that when the land, on which the improvement was made, was otfered for sale, they gave notice of their claim to the right of pre-emption in and to the said land, to the Register of the Land Office at Jackson ; that Ward also gave notice) that he claimed the tight of pre-emption to the same land; that a day was set by the Register and Receiver, for hearing the evidence in. support of the said pre-emption right that G. A. Bird, one of the complainants,, for himself, and as agent for the other complainants, started for Jackson, in order to establish their right to the pre-emption ; that he was taken sick on the way, so that he could not arrive till after the time appointed by the Register and Receiver, &c.; that Ward appeared, and proved that he made the first improvement on the land,, fraudulently concealing the fact, that lie- had sold said improvement to Cravens, and that Cravens had sold it to Bird, as aforesaid $ that Ward was then permitted to enter the said' land in his own name j that G. A. Bird arrived at Jackson before the public-sale of land took place, and in time to have entered the same, and was prepared so. to do, but found llia#Ward had entered the same, and had obtained the Receiver’s certificate .thereof; that the complainants were ever ready and prepared to pay the Congress price for said land; and should have done so, if they had not been 'prevented, by the fraudulent conduct of defendants. The bill concludes with a general prayer of relief. There was a-demurrer to the bill,, which was sustained, and a decree that the bill be dismissed,. We think there is equity enough in the bill, and that a general demurrer will not lie,, for the want of equity. The facts set forth, clearly show, that the legal representatives of Charles L.. Bird were entitled to the right of preemption ; that the improvement upon which the right of pre-emption was bottomed, had been sold by Ward, and-had come to the possession of Bird, for a valuable consideration. If Ward, then, afterward obtained a right of pre-emption, he did it with the properly of Bird ;■ <md it is a well settled rule, that if A. buys land with the money of B. and takes a conveyance in his own name, he is the trustee of B, If it is said, that at the time of the sale, by Ward and Cravens, they were mere trespassers, and, of course, could sell no right,. I answer, that their sales amounted to an abandonment of their possessions, and they could not afterwards claim any right of pre-emption, upon the strength of such a possession which they had voluntarily relinquished. And if any such right existed, it was upon the strength of Bird’s possession, up to the time of the passage of the act of Congress. Ili.such a right existed, then it was (hrough.ihe means of Bird, and not Ward.; and if Ward has obtained that right, he has done it fraudulently, and with the interest or property of Bird. But even allowing that no„.trust can be implied between them, still, if A. fraudulently obtains the equitable rights of B.,. a Court of Equity will compel him to give them up.
The decision of the .Register and. Receiver is not conclusive between individuals,, as it respects their right. It is only conclusive.as against the government, that a right of pre-emption exists, iji consequence of a certain .improvement; and it is the practice in some of the offices to grant the certificate in the name of. the person making the improvement, without any regard to subsequent assignments, and notwithstanding the right.is applied for by the assignee alone. They leave the right to’be settled< hetv.een-the assignor and assignee, in t.he regular tribunals of. the country. Tire- *283 proving of the right of pre-emption, hy ward, is sufficient for Bird, if he can establish his right to it. But whatever may he the practice in the different offices, is not now material. If the original occupant has parted with his right, either in law or equity, he shall always be compelled to stand hy his transfer, in Courts of Equity. Ward obtained this pre-emption to the land, and predicated it on his own settlement, when, in equity, he had parted with his right, and because there can he hut one certificate of pre-emption to the same land, and Ward has obtained that certificate wrongfully, he must be decreed to assign it to the man who could have had it, if he had not prevented him by his fraud.
We are, therefore, of opinion, that the 'decree of the Court below be reversed, and that the cause be remanded j and that, unless the bill shall be sufficiently answered and disproved, or a decree otherwise given for defendants, that, upon the bringing of the money into Court, by the complainants, which has been advanced by Ward, a decree be entered against Ward, compelling him to transfer the said certificate, &c.; and that complainants recover costs in error-