[No. 5453.]

## JOHN W. PICKARD v. GEORGE F. KELLEY.

POSSESSION OF LAND.—A certificate of pre-emption does not tend to show actual possession of the land in the party to whom it was issued.

APPEAL from the County Court, County of Lassen.

Action of forcible entry and detainer to recover possession of the north half of the southeast one-quarter of section nine, and the north one-half of the southwest one-quarter of section ten, township twenty-nine north, and range thirteen east, Mount Diablo meridian.   On the trial, the plaintiff, to prove possession in himself, offered in evidence a certificate of pre-emption of the land issued to him by the Register of the United States Land Office at Susanville, on the 1st day of November, 1875.   The defendant objected to its reception for that purpose, but the Court overruled the objection, and he excepted.   The plaintiff recovered judgment, and the defendant appealed from the judgment, and from an order denying a new trial.

*E. V. Spencer*, for the Appellant.

To maintain an action of forcible entry there must be an *actual* and *peaceable* possession in the plaintiff.   ( *Vall* v. *Butler*, 49 Cal. 75 ; sec. 1172, Code Civil Procedure.)

The certificate of pre-emption would not even give a right of possession, and certainly would not prove the fact of possession.

A deed is not admissible in evidence to show possession, or to show a right of possession.   (*Sanchez* v. *Louregro*, 46 Cal. 641.)

*J. W. Hendrick*, for the Respondent.

By the COURT :

The " certificate of pre-emption " did not tend to show actual possession in the plaintiff, and the Court below erred in admitting it in evidence.

Judgment and order reversed, and cause remanded for a new trial.