[No. 7,897.—Department One.]

## THOMAS F. LAUGENOUR v. GEORGE T. HENNAGIN.

EJECTMENT—CERTIFICATE OF PURCHASE—PURCHASE OF STATE LANDS—LAND WARRANT—ESTOPPEL BY JUDGMENT.—In ejectment the plaintiff relied upon a certificate of purchase issued to him by the Register of the Land Office, in pursuance of the judgment in the case of *Laugenour* v. *Shanklin*, 57 Cal. 70, and the defendant, upon a junior application to purchase the land in controversy.

*Held:* Upon the facts appearing the right of the plaintiff to the certificate of purchase for the land in dispute is no longer open to controversy.

ID.—ID.—By § 1925, C. C. P., the certificate is made primary evidence that the holder is owner of the land described therein.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Yolo. BUSH, J.

CAL. REPS. LIX—40

The action was ejectment, the plaintiff relying upon a certificate of purchase issued in pursuance of the judgments in *Laugenour* v. *Shanklin*, and *Wright* v. *Laugenour*, cited in the opinion. The defendant claimed under an application to purchase made pending the case last referred to.

*W. F. George* and *J. H. McKune*, for Appellant.

*W. B. Treadwell*, for Respondent.

The COURT:

Upon the facts appearing, the right of the plaintiff to the certificate of purchase for the land in dispute, which forms a part of the five hundred thousand acre grant, is no longer open to controversy. (*Wright* v. *Laugenour*, 55 Cal. 280; *Laugenour* v. *Shanklin*, 57 id. 70.)

By Section 1925 of the Code of Civil Procedure, the certificate is made primary evidence that the holder is the owner of the land described therein.

We discover no error in the record.

Judgment and order affirmed.