[No. 11293.   Department Two. — April 21, 1888.]

CHARLES GOODWIN, APPELLANT, v. WILLIAM B. McCABE, RESPONDENT.

POSSESSION — NATURAL BARRIERS. — Natural barriers may be sufficient to form an inclosure for the purposes of the rule in reference to actual possession of real property. Whether they are so or not is a question for the jury under proper instructions.

ID. — INSTRUCTIONS. — If there is sufficient evidence to go to the jury upon the question, it is error to refuse an instruction that if the jury believe that plaintiff's fences, *together with natural barriers*, formed an inclosure sufficient to turn cattle, it was sufficient for the purposes of possession.

COLOR OF TITLE. — An entry under a swamp-land certificate, in the belief in good faith that it confers a right to the land, is an entry under color of title.

HOMESTEAD ENTRY UPON PUBLIC LAND — RIGHT TO POSSESSION. — A party who makes a valid homestead entry under the laws of the United States, and pays what is required, has a right to the possession as against third persons, and can defeat an action of ejectment brought upon a prior possession.

ID. — HOMESTEAD ENTRY UPON LAND IN ACTUAL POSSESSION OF ANOTHER — FORCE. — A homestead entry upon public land in the actual possession of another is invalid, although no force be used to gain possession.

ID. — CONSTRUCTIVE POSSESSION. — But this rule does not apply where the possession is not actual but merely constructive.

Receipt of Receiver of Land-office as Evidence of Payments to Him. — The receipt of the receiver of the United States land-office for payments upon a homestead entry are admissible to show such payments.

Map in Register's Office — Certified Copy. — A certified copy of the map in the office of the register of the United States land-office is admissible upon the question of the character of the land.

Appeal from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Eug. W. Britt,* and *Fox & Kellogg,* for Appellant.

*R. W. Crump,* and *S. K. Welch,* for Respondent.

Hayne, C. — Ejectment. The plaintiff relies on prior possession. The defendant relies on a homestead entry under the laws of the United States. Verdict and judgment for defendant. Plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

We think that the judgment and order must be reversed for the refusal of certain instructions requested by plaintiff.

The land in controversy is public land. The plaintiff resided upon an adjoining piece to which the title is undisputed. In order to make out his possession, he proved that the whole tract, including that upon which he resided, had on one side a body of water known as Clear Lake, on another a slough which emptied into the lake, and on the remaining sides a fence built partly by himself and partly by his neighbors; and he gave evidence tending to show the pasturing of his cattle there. The greater part of the evidence related to the character of the slough, that is to say, whether it was of sufficient depth and firmness of bottom to turn cattle.

In its charge the court made no mention of the natural boundaries, but simply told the jury that it was sufficient for the plaintiff to have a substantial inclos-

ure, and that "a substantial inclosure is such a one as a prudent farmer would have to protect a growing crop, and sufficient to protect the land from cattle, horses, and hogs, the character of the land and the crops growing upon the same being considered."

This was all that was said upon the subject. No reference to natural barriers was made. Thereupon the plaintiff requested the court to give the following instructions:—

" If plaintiff, at any time before the defendant entered upon the land in controversy, built a fence of any kind in such a manner that, *together with natural barriers*, it formed a complete inclosure sufficient to turn cattle, which inclosure included within it the land in controversy, and if said land was suitable for pasturage, and was used by plaintiff for that purpose up to the time of the entry of the defendant, then there was established in plaintiff such possession of said lands as to entitle him to recover, and your verdict will be for the plaintiff."

The court refused to give the instruction, and the plaintiff excepted. We think the instruction should have been given.

Natural barriers may or may not be of such a character as to serve as part of an inclosure by which a party subjects land to his dominion and control, and so acquires possession of it. Whether they are of such a character in any given case is a question for the jury under proper instructions from the court. (*Brummagim* v. *Bradshaw*, 39 Cal. 41–51.) In this case, if the natural barriers were of such a character as, in connection with the fences, to make a sufficient inclosure, and the plaintiff pastured his cattle there, he certainly had actual possession of the tract in controversy. (*Brummagim* v. *Bradshaw, supra; Southmayd* v. *Henley,* 45 Cal. 102; *Pierce* v. *Stuart,* 45 Cal. 280.)

The plaintiff had a right to have the jury instructed as to the effect of natural barriers. For aught we can

see, the jury may have supposed that the substantial inclosure referred to by the court meant an inclosure erected by man. If no request had been made, the charge, although meager, might be sufficient. But in view of the specific request we think there was error.

We think, also, that the fourth, fifth, and eighth instructions requested by plaintiff should have been given.

The foregoing is sufficient to dispose of the appeal. But inasmuch as the other questions argued will arise upon a retrial, we think they should be passed upon.

The plaintiff at the trial put in evidence two swamp-land certificates, the amounts due upon which had been fully paid up. These the counsel expressly stated were not introduced to show title, but to show color of title,— to define the extent of his possession. These certificates seem to be regular on their face, and we think they constituted color of title. Such a certificate is " evidence that the holder . . . . is the owner of the tract described therein." (Code Civ. Proc., sec. 1925; *Langenour* v. *Hennagin*, 59 Cal. 625.) And if the plaintiff entered under it, believing in good faith that it conferred upon him a right to the land, and pastured his cattle there, he had constructive possession of the tract, even if it was not inclosed. (*Webber* v. *Clarke*, 74 Cal. 11.)

Such a constructive possession would enable him to maintain ejectment against a mere intruder.

But the defendant was not a mere intruder. He had made his homestead entry under the laws of the United States, and had paid the sums which such laws required him to pay, and he produced the receipts for such payments from the proper officer. By so doing he had connected himself as far as was then possible with the government title. No final certificate could at that time have been issued. (Rev. Stats., sec. 2291.) He had done all that he could do up to that time. And *if his proceedings were valid*, he had done enough to enable him

to defeat an action of ejectment by one who had no title but a mere possession. (See *McDonald* v. *Edmonds*, 44 Cal. 330.) The cases of *Pulliam* v. *C. F. B. G. Co.*, 52 Cal. 605, and *Picard* v. *Kelly*, 52 Cal. 89, are not at all in conflict with this. Those cases simply decided that the papers did not tend to show *possession*. As a matter of course, they did not. Possession was to be proved by other evidence.

It is contended, however, that the defendant's proceedings were not valid, for the reason that the land was then in the actual possession of the plaintiff.

If the plaintiff was in the *actual* possession of the land, we think the defendant's proceedings were invalid, although his entry was accomplished without the use of force. This seems to be the result of the authorities.

In *Atherton* v. *Fowler*, 96 U. S. 513, the land was in the actual possession of the plaintiff's testator, and the entry of the defendant was forcible. The opinion does not seem to have in view the case of an entry upon actual possession without the use of force. In *Durand* v. *Martin*, 120 U. S. 369, Martin "was in actual possession under color of title." The report does not show whether the entry of Durand was with force. In *Quinby* v. *Conlan*, 104 U. S. 423, the rule was stated to be that "a settlement cannot be made upon public land *already occupied*." The element of force was not adverted to. In *Mower* v. *Fletcher*, 116 U. S. 381, the court said that if a party "enters into possession of the land and improves and cultivates and holds it, no one, by forcibly or *surreptitiously* getting into possession, can make a pre-emption settlement," etc. And the reasoning of the court in all cases seems to us to forbid the invasion of the actual possession of another, whether such invasion is accomplished by the use of force or not. (See also *McBrown* v. *Morris*, 59 Cal. 68.)

But we do not think the rule applies where the first party has a mere constructive possession. The reason-

ing of the court in the cases above mentioned does not seem to cover such a case.   And in *Belk* v. *Meagher*, 104 U. S. 287, the court, per Miller, J., said: "We also all agree that if a peaceable entry had been made on lands which had not been inclosed or improved, a good right might have been secured."

The ultimate question to be submitted to the jury (under proper instructions) therefore is, whether the plaintiff had actual possession of the land at the time of the defendant's entry; if he had, the defendant's proceedings were invalid, and the plaintiff must recover; if he had not, the defendant's proceedings were a good defense.

Certain objections were taken to the admissibility of evidence, which we will notice briefly.

We think the receipts of the receiver of the land-office were properly admitted.   Whether the affidavit required by section 2290 of the Revised Statutes ought to have been introduced need not be decided, as upon a retrial the defendant will doubtless introduce the affidavit.

The certified copy of the map was also properly admitted.   Section 2224 of the Revised Statutes does not apply to the case.   That section has reference to papers on file in the office of the surveyor-general of certain states.   The map in question was not in the office mentioned, but in that of the register; and he, as the custodian of the record, was the proper person to give a certified copy of it.   In *Murphy* v. *Sumner*, 74 Cal. 316, cited by appellant, the register attempted to certify to the fact that certain land had been listed.   The court said that he ought to have given a certified copy of the list.   If in this case the register had attempted to certify that the land was of a certain character, the case would have been in point.   In giving a certified copy of the document showing its character, he followed the course pointed out in the case.

We advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and cause remanded for a new trial.