E. LOUISE HAZEN, *et vir.,* v. AUSTIN ROBINSON.

167 So. 1.
Opinion Filed March 13, 1936.
Rehearing Denied April 8, 1936.

*Williams & Dart,* for Plaintiffs in Error;

*Wallace Tervin* and *John L. Early,* for Defendant in Error.

WHITFIELD, C. J.—In this action of ejectment the declaration is in the statutory form. Defendant, Austin Robinson, filed a plea of not guilty and also a plea upon equitable grounds. Sec. 4301 (2635), *et seq.,* C. G. L.; Smith v. Love, 49 Fla. 230, 38 So. 376. No objection was made to the use of an equitable plea in this case. Issue was joined on the first plea and a replication was filed to the plea on equitable grounds. There was a verdict for defendant. A motion for new trial was denied and judgment for the defendant was rendered. Writ of error was taken by the plaintiffs.

The plea upon equitable grounds avers in substance that the defendant's mother, Ella Rusher, executed a deed conveying the property to the plaintiffs and "reserved the right to occupy and use the said land so long as she lived, and the grantees, to-wit: J. D. HAZEN and M. LOUIS HAZEN, agreed to pay all taxes due at the time of the said deed and to become due on the said premises thereafter, and to keep the said property in good order and repair and keep the buildings located on said premises insured against loss by fire to the full insurable value thereof" and "That the

grantees therein should not sell the said property during the lifetime of the said ELLA RUSHER":

"That at the time of the execution of said deed and for a long time prior thereto and thereafter, until the day of her death, the said ELLA RUSHER was not of sound mind and was grievously afflicted in body; that she, for a long time prior to the date of the execution of said deed and until the date of her death, was afflicted with Bright's disease, and that said deed was executed by the said ELLA RUSHER, as aforesaid * * * at a time when she, the said ELLA RUSHER, was apparently lying at the point of death, and was not capable of and did not comprehend the meaning, purport and effect of her act when she executed the alleged deed; that her mind was impaired as aforesaid and her physical condition was such that had her mind been sound, she was undergoing such physical pain and suffering that she was not capable of and did not understand the effect of the transfer that she was at the said time urged to undertake; that the plaintiff, J. D. HAZEN, was present at the execution of said deed and knew full well that the said ELLA RUSHER was not of sound mind and that she was undergoing great physical pain and suffering at the time of the execution of said deed and knew that she was not capable of and did not understand the effect of her act in the execution thereof."

"That the said ELLA RUSHER was the wife of WILLARD RUSHER, who for many years was a business partner of J. D. HAZEN, plaintiff herein, and transacted a real estate business in the County of Sarasota and State of Florida, and that said partnership was dissolved prior to the date of the execution of said deed, and the said WILLARD RUSHER moved from Sarasota, and left the said ELLA RUSHER alone from said time until the date of her death. That the

said J. D. Hazen, plaintiff herein, was from the time of the dissolution of said partnership a confidential advisor of the said Ella Rusher and was and is a shrewd businessman and that the said Ella Rusher was an aged woman, of the age of seventy-three years; that she had had no business experience prior to the time of her death and was feeble-minded, as aforesaid; that the property conveyed by the alleged deed herein referred to is a valuable piece of improved property situate in the heart of the business district of the City of Sarasota, and possesses a value of approximately ten thousand dollars or more, and the said J. D. Hazen, by reason of his influence over the said Ella Rusher, and by reason of her implicit confidence in him caused her, the said Ella Rusher, by undue influence, persuasion, pressure, and artful, fraudulent and insidious means, to execute a deed in his favor and in favor of the co-plaintiff herein, to-wit: M. Louis Hazen, without consideration therefor";

"Wherefore, this defendant alleges that the said deed was obtained by fraud and undue influence and is, therefore, wholly void and of no force and effect, and fails to operate as a conveyance of the title to the land therein described. Wherefore, this defendant rightfully owns and holds the fee simple title to the said property by reason of the facts herein recited";

"That the plaintiffs failed and refused to pay all taxes due against said property at the date of said deed and all taxes that have become due since the execution thereof, and have failed to keep the property in good repair and to keep the buildings located thereon insured against loss by fire, as by said deed agreed. Wherefore this defendant alleges that the consideration purported to be by said deed

included, has wholly failed and rendered said alleged deed void and of no force and effect."

The replication alleges:

"That at the time of the execution of the deed referred to, and prior thereto and thereafter, the said Ella Rusher was of sound mind, and understood clearly and perfectly the transaction referred to; that the deed in question, from Ella Rusher to plaintiffs, was * * * freely and voluntarily executed by her at about 7:30 or 8:00 o'clock P. M., on May 7th, 1932, and was not executed at a time when she, the said Ella Rusher, was thought to be, by all or any of the persons in attendance upon her, at the point of death, or at a time when she was not capable of comprehending the effect of her act, or the meaning or purport of it, when she executed said deed; to the contrary, the said Ella Rusher was not even confined to her bed when said deed as executed, but was up and about the house in which she lived, and after having duly executed said deed, including the acknowledgment thereof before a Notary Public, she walked over to the plaintiff, J. D. Hazen, and delivered said deed to him. There was then and there nothing in the condition of the said Ella Rusher, either physical or mental, to render her incapable of fully and thoroughly understanding the meaning, purport and effect of her act when she executed the said deed, but to the contrary she did at and previous to the transaction in question, culminating in the execution and delivery of said deed to the plaintiffs, understand fully and clearly the full meaning, purport and legal effect of said transaction, including the execution and delivery of said deed. It is not true that she, the said Ella Rusher, was urged to undertake the transaction in question, but, to the contrary, it is true that she voluntarily and of her own accord sought out these plain-

tiffs and offered to execute said deed to them, and urged them to accept it, upon the valuable consideration subsequently set for and incorporated in said deed, and it was at her instance and request that plaintiffs agreed to purchase said property, described in said deed, and thereupon the deed referred to was executed and delivered to them by the said Ella Rusher," and

"Plaintiffs * * * deny the allegation in said plea to the effect that the said J. D. Hazen was from the time of the dissolution of said partnership, above referred to, a confidential advisor of the said Ella Rusher, and aver that he, the said J. D. Hazen, was never the confidential advisor of the said Ella Rusher, though he admits that he did, as an act of kindness and friendship, assist her on several occasions in getting allowed her widow's exemption from taxation, in part, as allowed by the laws of this State, and also in adjusting and paying her taxes. Plaintiffs further deny the allegations in said plea to the effect that the property conveyed to them by the deed referred to is a valuable piece of property situate in the business district of the City of Sarasota, and possesses a value of approximately ten thousand dollars or more," and

"While it is believed to be true that the said Ella Rusher had confidence in the plaintiff, J. D. Hazen, since in all his dealings with her he never by any act, word or deed did anything to cause her not to have confidence in him, still he never exerted, or sought to exert any influence over her, to cause or induce her to execute the deed in question either by persuasion, pressure, or artful, fraudulent or insidious means, or otherwise, but the said deed was executed freely and voluntarily by her, as hereinabove stated, and said deed was not obtained by fraud or undue influence of any kind or in any manner. There was and is a sufficient, ade-

quate and valuable consideration for the said deed in question, the amount which plaintiffs have paid in cash and will pay on indebtedness of the said Ella Rusher, assumed and to be paid by them, is more than one thousand dollars, besides the time devoted by them to the said Ella Rusher and her affairs.

"That no definite time was fixed for the payment by them of the taxes on the property in question; that they have paid the State and County taxes thereon for the year 1931, and will pay the taxes for the year 1932, which do not become delinquent until June 1st, 1933; the only City taxes on said property now unpaid is from the years 1931 and 1932, which plaintiffs have assumed and will pay. They deny the allegations in said plea to the effect that they have failed to keep the property in good repair and to keep the buildings located thereon insured against loss by fire, as by said deed agreed, and aver that they have kept the property in good repair, including other repairs done by them, the putting on of new roofs on the back and front porches, repairing all doors and locks in the house, replacing metal roof on the shelter used for a garage, the overhauling and repairing of bathroom fixtures in the upper bathroom. They have kept the buildings on the property insured against loss by fire to the full insurable value thereof, which insurance is still in full force and effect. As to expenses generally borne by them, in addition to the above, they paid for medicine needed by the said Ella Rusher, and assumed and will pay her doctor's bills, funeral expenses, part of which has already been paid, and certain other obligations of hers which they expect to pay; they even furnished and paid for the dress in which she was buried. Plaintiffs aver that the consideration purported (and actually) to be

by said deed included, has not failed either wholly or partially, but the same is in full force and effect."

The following is a copy of the deed of conveyance:

"This Indenture, Made this 7th day of May, A. D. 1932, between Ella Rusher, a Widow, of the County of Sarasota in the State of Florida, party of the first part, and M. Louis Hazen, and J. D. Hazen, husband and wife, an estate by the entireties, of the County of Sarasota, in the State of Florida, parties of the second part,

"Witnesseth that the said party of the first part, for and in consideration of the sum of Ten ($10.00) and other valuable considerations Dollars, to her in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said parties of the second part, their heirs and assigns, forever, the following described land, situate, lying and being in the County of Sarasota, State of Florida, to-wit:

" 'Lot Nine (9) Block Eight (8) of the City Sarasota, as per plat thereof recorded in Plat Book 1, page 21, Public Records of Manatee County, Florida.

" 'Together with all household goods, furniture, silverware, chinaware, rugs, draperies and all other personal property now being used in and about the premises.

" 'Subject to all unpaid state, county and city taxes and municipal assessments.

" 'The grantor herein reserves the right to occupy and use the premises so long as she lives and the grantees herein agree to pay all taxes now due or hereafter to become due on said premises and to keep the property in good order and repair and to keep the buildings located on the same insured against loss by fire to the full insurable value thereof.

" 'It is further agreed that the grantees herein shall not

sell the property above described during the lifetime of the grantor herein. (Ten cent documentary stamp attached and canceled.)

" 'And the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

" 'IN WITNESS WHEREOF, the said party of the first part has hereunto set her hand and seal the day and year first above written.

"ELLA RUSHER (L. S.)

"Signed, Sealed and Delivered in our Presence:

" 'O. H. CRIBBENS, M. D.

" 'ANNETTE KING.' "

The following question was asked the plaintiff, J. D. Hazen, at the trial:

"I will ask you as to the consideration for this deed, what was it?"

An objection to the question on the ground that "the deed itself is the best evidence" was sustained and exception noted.

Even if sustaining the objection as made to the question as propounded was technical error, it was harmless because the ten cent revenue stamp noted in the deed indicated a relatively small consideration; the reservation of a life estate in the grantor and the obligation to pay accrued taxes and keep up the insurance with the obligation assumed not to sell the premises during the life of the grantor indicated the nature and value of the consideration. In addition to that there is testimony as to relatively small amounts of values furnished the grantor by the grantee. In all, the consideration appears to have been sufficient for the value conveyed, measured by the stamp tax noted on the conveyance.

However, there is substantial. evidence that the property conveyed is of much greater value than any and all consideration paid or obligations assumed by the grantee.

Counsel for plaintiffs in error in their brief merely state that "we submit that the objections to and motions to strike evidence as made by the plaintiffs and set forth in the assignment of errors, were sound and well taken and should have been sustained and granted by the Court." No specifications are given or pages of the record cited.

All the evidence has been considered and it leads to the conclusion that there is ample evidence as to the lack of mental capacity of the grantor to make the deed, to sustain the verdict for the defendant, who is the grantor's son and sole heir at law, and technical errors, if any, in the proceedings were harmless.

Affirmed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.