[Sac. No. 5058. In Bank.—February 24, 1937.]

FRANK E. PALIN, Appellant, v. LEWIS H. SWEITZER et al., Respondents.

Bryce Swartfager for Appellant.

Lowell Palmer and L. E. Johnston for Respondents.

SHENK, J.—In this action in partition the answer of one of the cotenants, Lewis H. Sweitzer, tendered the issues of ouster, disseisin and adverse possession. The court found in his favor and the plaintiff appeals.

The property consists of 240 acres of mountainous land in the northwesterly portion of Napa County. The pasturage

of stock is the only adaptable surface use. These lands are, however, situate in a mineralized district where cinnabar ore has been found in paying quantities. The northerly and westerly boundaries of said lands are steep ridges whose summits are covered with dense brush. On the easterly and southerly sides the property is enclosed by fences, which together with natural barriers on the north and west are sufficient to turn stock when placed thereon for pasturage.

In 1898 the property was owned by Harriet Jane Ink, a widow. In that year, in consideration of money and development work to be done by the respondent and his associates, she agreed to convey to them a one-half interest in the property. By a deed executed pursuant to the agreement the respondent became a tenant in common with his associates and their common grantor, from whom the plaintiff holds by quitclaim.

The court found that since 1913 the respondent's acts of ownership had been open, unequivocal and adverse to all persons, that he had the property assessed to himself as sole owner in 1914, and had paid all taxes levied against the property since that time; that his claim of sole ownership was known to his cotenants; that almost continuously from 1913 to 1931 he had by written instruments leased the property for pasturage or mining and had collected and retained the rentals for his own use without any objection on the part of his cotenants, who resided in the vicinity and were charged with knowledge of his notorious acts.

The finding is supported by the testimony of the respondent and other witnesses. The evidence discloses that as early as 1913 the respondent told Mrs. Ink and his other cotenants that inasmuch as the property had been sold for delinquent taxes he had elected to redeem it; that the other cotenants had ceased to pay any attention to the property, and that he would thereafter claim it as his own; that since that time and until the commencement of this action in November, 1930, he had full, complete, absolute and independent control over the land. The court concluded that ouster or disseisin of his cotenants had been accomplished as contemplated by law (*Oglesby* v. *Hollister*, 76 Cal. 136 [18 Pac. 146, 9 Am. St. Rep. 177]; 1 Cal. Jur., p. 542 et seq.), and that adverse possession had ripened into title as provided by section 325 of the Code of Civil Procedure.

It was not necessary, as contended by the appellant, that the entire tract be enclosed by fence in order to comply with section 325 if, as here shown, the fences constructed, together with the natural barriers, were sufficient enclosures to turn cattle for pasturage. (*Goodman* v. *McCabe*, 75 Cal. 584 [17 Pac. 705].) Possession by the respondent's tenants was his possession. (*Weyse* v. *Beidebach*, 86 Cal. App. 712 [261 Pac. 1086].)

We find no error in the record.

The judgment is affirmed.

Thompson, J., Langdon, J., Seawell, J., Curtis, J., Waste, C. J., and Edmonds, J., concurred.