[No. E022901. Fourth Dist., Div. Two. July 12, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER SCOTT LAPCHESKE, Defendant and Appellant.

## COUNSEL

Louis Marinus Wijsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Acting Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Warren P. Robinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McKINSTER, J.**—A jury found defendant guilty of one count of rent skimming in violation of Civil Code section 890, and three counts of conspiracy—one to commit trespass, another to commit grand theft and the third to commit rent skimming. The charges stem from an enterprise conducted by defendant and another person (who is not a party to this appeal) in which defendant took over residential real property that he believed had been "abandoned" by the property owner and then defendant rented the property on his own behalf.[1] Defendant claimed at trial as he does in this appeal that his actions were not criminal because he entered the properties in question with the intent of ultimately acquiring them by adverse possession. Although the trial court instructed the jury on the adverse possession defense that defendant asserted at trial, the jury apparently rejected that claim, as evidenced by their guilty verdicts on the noted charges.

### DISCUSSION

Defendant's primary claim in this appeal is that he lawfully occupied the properties in question as the initial step in acquiring those properties by adverse possession and, therefore, he cannot be guilty of rent skimming as that offense is defined in Civil Code section 890. In other words, defendant is of the view that if one occupies real property by renting it to another as a step in acquiring that property by adverse possession, collection of the rent is lawful and therefore cannot constitute rent skimming. While we agree with his initial premise, that an adverse possessor may rent the property, a contention we discuss below in connection with defendant's challenge to the grand theft conviction, we do not agree that an adverse possessor consequently cannot be guilty of rent skimming.

Civil Code section 890, subdivision (a) defines rent skimming to mean "using revenue received from the rental of a parcel of residential real

---

[1] The details of defendant's operation are fully recounted in his opening brief and essentially are not pertinent to the issues in this appeal.

property at any time during the first year period after *acquiring* that property without first applying the revenue or an equivalent amount to the payments due on all mortgages and deeds of trust encumbering that property." Defendant argues that as an adverse possessor he had not acquired the properties in question because the term "acquire" refers to title and as an adverse possessor he did not have title to the property.

Civil Code section 1000 specifies that the modes of "acquiring property" include occupancy.[2] And "[o]ccupancy for any period confers a title sufficient against all except the state and those who have [superior title]." (Civ. Code, § 1006.) Defendant occupied the properties in question by placing tenants in the houses and thereby acquired title by occupancy to those properties. Because defendant acquired the properties in question by occupancy, he was subject to the rent skimming restrictions in Civil Code section 890 and the criminal penalties specified in section 892 that apply to "multiple acts of rent skimming." We, therefore, must reject his initial claim of error.

Defendant next contends that the Legislature did not intend the version of the rent skimming law in effect in 1997, when he committed his alleged offenses, to apply to acts of adverse possession. According to defendant, the conclusion that the then existing law did not apply to him is compelled not only by the fact that he had not acquired title to the property, an issue we have addressed and rejected, but also by the fact that the Legislature amended Civil Code section 890 in 1998 to specifically include in the definition of rent skimming the type of conduct defendant engaged in. Defendant argues that the amendment expanded the definition of rent skimming to include the conduct in which defendant engaged and, therefore, that conduct must not have been included under the previous definition.

Defendant's argument notwithstanding, the version of Civil Code section 890 in effect in 1997, and set out above, encompassed the "adverse possession" scheme at issue in this case. The Legislature's amendment of that section in 1998 clarified existing law by adding language that expressly prohibited the type of conduct defendant committed. Defendant incorrectly and incompletely cites the Legislative Counsel's Digest regarding Assembly Bill No. 583 (1997-1998 Reg. Sess.), which amended Civil Code section 890 and added Penal Code section 602.9, to support his assertion that the 1998 amendment to Civil Code section 890 created a new crime. The language defendant cites is in a paragraph that discusses Penal Code section 602.9, which does codify a new crime—the misdemeanor offense of taking possession of residential real property, without the owner's consent, for the purpose of renting that property to another. (See Legis. Counsel's Dig., Assem.

---

[2]Civil Code section 1000 states, "Property is acquired by: 1. Occupancy; [¶] 2. Accession; [¶] 3. Transfer; [¶] 4. Will; or, [¶] 5. Succession."

Bill No. 583, ch. 193 (1997-1998 Reg. Sess.).) In short, and as discussed above, in connection with defendant's first claim in this appeal, Civil Code sections 890 and 892, as in effect in 1997 and which, respectively, define rent skimming and make it a crime to engage in multiple acts of rent skimming, included the conduct defendant committed in this case. We therefore must reject defendant's contrary claim.[3]

■ As his final claim, defendant contends the theories of criminal liability prosecuted in this case were factually inconsistent. Specifically, defendant argues that if his possession of the properties in question conferred title by occupancy, which in turn made him subject to the rent skimming statute, that title precluded the jury from finding him guilty of trespass or grand theft. Thus, defendant argues that in finding him guilty of conspiracy to commit trespass and conspiracy to commit grand theft, the jury made factual determinations inconsistent with the facts necessary to convict defendant of rent skimming.

With regard to the crime of trespass, defendant is wrong. As discussed above, the "title" acquired by an adverse possessor is that conferred by occupancy. The title conferred by occupancy is not factually inconsistent with the crime of trespass. An adverse possessor of the type here in question, i.e., one taking possession under color of right established by physical presence on the property as an occupant, is "in possession as a naked trespasser." (*Kimball* v. *Lohmas* (1866) 31 Cal. 154, 159.) If that trespass is unchallenged by the true property owner for a period of five years, the possession ripens into actual title. (See Code Civ. Proc., § 321; see also *Newman* v. *Cornelius* (1970) 3 Cal.App.3d 279, 288 [83 Cal.Rptr. 435], which sets out the five elements necessary to establish title by adverse possession.) In short, an adverse possessor is merely a trespasser, i.e., a person who enters on the land of another with the specific intent of injuring, interfering with or obstructing that other person's property rights. (Pen. Code, § 602, subd. (j).)

Defendant is correct, however, with respect to his grand theft claim. The grand theft charges were based on the allegation that defendant rented the properties in question and pocketed the rent. The alleged victims of the grand theft charges were the record owners of the properties and mortgage holders. One of the requirements for establishing title by adverse possession is that the adverse claimant occupy the property in a manner that is hostile to the interest of the actual title holder. (See 5 Miller & Starr, Cal. Real Estate

---

[3]In a petition for rehearing, which we denied, defendant argues that he did not have a contractual duty to make payments to the mortgage holder and therefore he cannot be liable for rent skimming. The answer to that argument is simple: Defendant had a statutory duty under Civil Code section 890 to apply the rental income he received to pay down the outstanding mortgage.

(2d ed. 1989) Adverse Possession, § 16.1, p. 621.) Renting the property and collecting the rent is an act hostile to the interest of the actual title holder. Moreover, "As a general rule . . . the possession of the tenant inures to the benefit of the landlord, and constitutes possession by the latter, for the purpose of securing to him the benefits of adverse possession . . . ." (*St. James Church* v. *Superior Court* (1955) 135 Cal.App.2d 352, 362 [287 P.2d 387]; *Palin* v. *Sweitzer* (1937) 8 Cal.2d 329, 331 [65 P.2d 351].) From these principles we conclude that, until challenged, an adverse possessor has a right equal to that of the actual title holder to place a tenant in possession of the property and collect rent from that tenant. We reach the same conclusion as to the adverse possessor's right vis-á-vis the mortgage holder, assuming the mortgage holder has a right to possession of the property prior to actual foreclosure on the note and deed of trust.

In summary, the party in actual physical possession of the real property has the legal right to install a tenant on the property and retain the rental payment. Defendant therefore could not be guilty of grand theft as to the rent received because he was entitled to keep that rent, subject only to the obligation created under Civil Code section 890, discussed above, to apply that rent to the mortgage encumbrance. Accordingly, we conclude that defendant could not be guilty of grand theft in this case and, therefore, we must reverse the jury's guilty verdict on count 9, the charge that defendant conspired with another to commit grand theft.

## DISPOSITION

The judgment is reversed as to count 9, the conspiracy to commit grand theft charge, with directions to dismiss that count. The judgment is otherwise affirmed in all other respects.

Hollenhorst, Acting P. J., and Gaut, J., concurred.

A petition for a rehearing was denied July 30, 1999, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 29, 1999. Mosk, J., was of the opinion that the petition should be granted.